UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RICHARD MAROTTE,

                              Plaintiff,

           -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, POLICE OFFICERS
"JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and
"JOHN DOE 4,"

                             Defendants.
-------------------------------------------------------------X

Civil Action No.
Trial by Jury Demanded

**VERIFIED COMPLAINT**

CV 03 6479

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 29 2003 ★
BROOKLYN OFFICE

WEXLER, J.
WALL, M.J.

       Plaintiff, RICHARD MAROTTE, by his attorney, ENRICO DEMARCO, ESQ., as and for his Verified Complaint, alleges upon information and belief, at all times hereinafter mentioned, as follows:

### ALLEGATIONS AS TO JURISDICTION OF THIS COURT

1.    At all times hereinafter mentioned and at the commencement of this action, Plaintiff, RICHARD MAROTTE, was and still is a law-abiding citizen and resident of the County of Suffolk, State of New York.

2.    Defendant COUNTY OF SUFFOLK (hereinafter referred to as the "COUNTY") was and still is a political subdivision of the State of New York, duly organized and existing under and by virtue of the laws of the State of New York.

3.    Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, (hereinafter referred to as "POLICE DEPARTMENT") was and still is a department and/or agency of the COUNTY.

4.     Defendants, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, and JOHN DOE 4, (hereinafter referred to as "Defendant POLICE OFFICERS") the names being fictitious and unknown, were at the time of the incident herein, Suffolk County Police Officers employed by Defendant POLICE DEPARTMENT, specifically the First Precinct, in the Town of Babylon, Suffolk County, and were acting in the course of their duties and functions as police officers of and for Defendant COUNTY and POLICE DEPARTMENT. Defendant POLICE OFFICERS are sued in both their official and individual capacities.

5.     On or about March 13, 2003, Plaintiff's Notice of Claim was duly served upon and filed with the County Attorney in the County of Suffolk, and with the Defendant POLICE DEPARTMENT, within ninety days after the cause of action herein.

6.     That Defendant COUNTY conducted a General Municipal Law 50-h hearing of the Plaintiff on May 20, 2003.

7.     That at least thirty days have elapsed since the demands or claims upon which these actions are predicated were presented to the County for adjustment or payment thereof, and that such Defendant has neglected and/or refused to make an adjustment or payment thereof within said thirty days after presentation.

8.     This action is commenced within one year and ninety days after said cause of action accrued, and within the applicable statute of limitations.

9.     That the subject matter jurisdiction exists in this Court pursuant to 28 USC § 1331 inasmuch as the incidents which gives rise to all the events and/or omissions complained of herein involves violations of Federal Law, to wit: The United States

Constitution; the 1st, 4th, 5th and 14th Amendments to the United States Constitution; and 42 USC §1981 and 42 USC §1983.

10. That venue exists in this Court inasmuch as all the parties hereto reside within the Eastern District of New York.

11. Defendant POLICE OFFICERS, names being fictitious and unknown were officers of the First Precinct, Suffolk County, assigned, stationed and/or otherwise deployed or otherwise present in and around the Plaintiff was illegally and wrongfully, detained, physically restrained, seized and arrested, without probable cause, and assaulted at Plaintiff's residence at 334 Nevada Street, County of Suffolk, State of New York. ( herein after referred to as "Plaintiff's residence").

12. Defendant POLICE OFFICERS, cannot be identified with specificity as the information necessary to name these police officers is in the exclusive possession of Defendants, but were upon information and belief police officers of the Defendant POLICE DEPARTMENT assigned to, stationed, deployed and or otherwise present in and around the time and place where the incidents complained of herein.

13. Defendant POLICE OFFICERS at the time of the incidents herein, were Suffolk County Police Officers employed by Defendants COUNTY and POLICE DEPARTMENT, as employees and agents thereof. Throughout the events described herein, Defendants were acting in the course of their duties and functions as police officers of Defendants COUNTY and POLICE DEPARTMENT.

14. Upon information and belief and at all times herein mentioned all Defendants were and still are citizens and residents of the State of New York.

15. Defendant POLICE OFFICERS compromising Defendants sued herein

were under the direction, supervision, and control of the Defendant SUFFOLK COUNTY and Defendant POLICE DEPARTMENT.

16. On January 1, 2003, Defendant POLICE OFFICERS, were employed as police officers and entered the Plaintiff's residence without probable cause, or a lawful order or warrant issued by a neutral and detached magistrate.

16. The limitations on liability as set forth in Article 16 of the New York Civil Practice Law and Rules do not apply to this action pursuant to the exceptions set forth in 1602, paragraphs 2, 5, and 11.

## FACTUAL ALLEGATIONS UNDERLYING ALL CAUSES OF ACTION COMPLAINED OF HEREIN

17. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "17", with the same force and effect as if fully set forth herein at length.

18. On the 1st Day of January, 2003, at approximately 9:30 p.m. --10:30 p.m., Defendant POLICE OFFICERS entered Plaintiff's residence located at an address known as 334 Nevada Street, in the County of Suffolk, and State of New York. ("Plaintiff's residence").

19. That Defendant POLICE OFFICERS were not given permission by Plaintiff or an authorized representative to enter the Plaintiff's residence, nor was the entry by Defendant police officers lawful, and/or supported by a duly issued warrant or other Court order.

20. That Defendant POLICE OFFICERS, while inside Plaintiff's residence, unlawfully physically restrained Plaintiff, then assaulted Plaintiff and used excessive physical force, by striking him with baton, choking him around the neck, kicking and

striking Plaintiff's body and throwing him to the ground. Defendant POLICE OFFICERS physically restrained Plaintiff, handcuffed him in and unnatural and physically painful position and transported him to a hospital known as Good Samaritan Hospital, located at 1000 Mantauk Highway, West Islip, New York. ('the Hospital"). Plaintiff's restraint was for an extended and unreasonable period of time, until he was released from the Hospital on the morning of January 2, 2003.

21. On or about January 1, 2003 through January 2, 2003, Plaintiff residence was searched and personal property owned by Plaintiff and located in Plaintiff's premises was damaged by Defendant POLICE OFFICERS, and by other members of the Suffolk County Police Department.

22. That the search of Plaintiff's residence was without Plaintiff's consent, or by any authorized representative acting on Plaintiff's behalf, and was unlawful, in that it was not supported by probable cause and/or based upon a duly issued searched warrant or an order rendered by a neutrally detached magistrate.

23. As a result of the assault, and unlawful physical restraint upon Plaintiff, Plaintiff suffered serious bodily injuries and was caused to suffer extreme pain and suffering.

**AS AND FOR A FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY**

24. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "24", with the same force and effect as if fully set forth herein at length.

25. Defendant POLICE OFFICERS, acting in concert, and acting individually and within the scope of their employment, intentionally and knowingly assaulted Plaintiff without justification, and utilized excessive physical force in detaining Plaintiff.

26. By reason of the foregoing, Plaintiff sustained sever, serious and upon

information and belief, permanent bodily injuries, suffered physical and mental pain, and was rendered sick lame, sore, and disabled and so remains in such condition.

27. That the aforementioned occurrence was caused by the negligent, grossly negligent, wrongful careless, reckless and intentional acts of the Defendants.

28. This cause of action and damages for this cause of action are specifically exempted under C.P.L.R.§ 1602.

29. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

### AS AND FOR A SECOND CAUSE OF ACTION FOR UNLAWFUL IMPRISONMENT

30. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "29", with the same force and effect as if fully set forth herein at length.

31. On or about the 1st and 2nd of January, 2003, Plaintiff was seized, arrested, and deprived of his liberty, all against his will and without his consent by Defendant police officers who used excessive physical force.

32. That Plaintiff was deprived his liberty, and physically restrained by Defendant POLICE OFFICERS, and that Defendant POLICE OFFICERS were acting individually and pursuant to their authority and representing Defendants COUNTY, and POLICE DEPARTMENT.

33. Plaintiff's physical restrain and arrest was unlawful and constitutes an unlawful imprisonment.

34. As a result of the foregoing, Plaintiff suffered bodily injuries and suffered

emotional distress as a consequence of Defendants conduct which were in violation of the New York State and US Constitution.

35. That the aforementioned occurrence was caused by the negligent, grossly negligent, wrongful, careless, reckless and intentional acts of the Defendants.

36. This cause of action and damages for this cause of action are specifically exempted under C.P.L.R. § 1602.

37. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

### AS AND FOR A THIRD CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS

38. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "37", with the same force and effect as if fully set forth herein at length.

39. Defendants acting under the color and authority conferred upon them by the Laws of the State of New York, and County of Suffolk, on January 1, 2003 through January 2, 2003 intentionally and/or negligently caused Plaintiff to suffer mental and emotion distress, as a result of the unlawful entry of Plaintiff's residence, and the unlawful assault, and imprisonment of Plaintiff.

40. That Defendant SUFFOLK COUNTY and POLICE DEPARTMENT negligently permitted such acts to continue and/or occur as a result of the policies and directives of Defendants

41. That the aforesaid acts of Defendants were negligently, recklessly, wantonly

conducted by Defendants, in a manner so shocking and outrageous that they exceeded all reasonable bounds of decency, thereby negligently causing Plaintiff to suffer emotional distress.

42. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

### AS AND A FOR A FOURTH CAUSE OF ACTION FOR FAILURE TO PROPERLY HIRE, RETAIN, AND SUPERVISE POLICE PERSONNEL

43. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "42", with the same force and effect as if fully set forth herein at length.

44. Defendants did not exercise reasonable care and diligence in the selection, employment, training of its agents, servants and employees, specifically Defendant POLICE OFFICERS; Defendants negligently and carelessly failed to provide competent, experienced, trained and skillful agents, servants and/or employees at the aforementioned time and place of the attack and unlawful restraint of Plaintiff; Defendants did not exercise reasonable care and diligence and were negligent in the hiring and retention of Defendant POLICE OFFICERS who failed to protect Plaintiff from bodily harm, unlawful physical restraint and detention, and free from unlawful searches and seizures of Plaintiff's residence and person; and Defendants did not exercise reasonable care and diligence and were negligent in failing to train and instruct it agents, servants and/or employees with respect to the lawful entry into and search of a private residence of a citizen, the lawful use of physical force and the lawful exercise of physical restraints, detention, seizure and/or arrest.

45. At the time of the incidents described herein Defendant POLICE OFFICERS were employed and acting as agents on behalf of Defendant SUFFOLK COUNTY and POLICE DEPARTMENT.

46. Defendant POLICE OFFICERS had been trained by Defendants SUFFOLK COUNTY and POLICE DEPARTMENT as police officers.

47. Defendant POLICE OFFICERS were at all times under the supervision of Defendants SUFFOLK COUNTY and POLICE DEPARTMENT.

48. Defendants POLICE OFFICERS, upon information and belief, and based upon their actions described herein, had a propensity to unlawfully use physical force and disregard the civil rights of citizens.

49. Defendants SUFFOLK COUNTY and POLICE DEPARTMENT failed to adequately monitor, supervise, oversee, prepare, train, implement and enforce guidelines and directives of the conduct of their employees and DEFENDANT POLICE OFFICERS and intentionally and/or negligently hired, and retained Defendant POLICE OFFICERS who possessed a propensity for violence, abuse and disregard of civil rights.

50. By reason of the foregoing, Plaintiff sustained sever, serious and upon information and belief, permanent bodily injuries, suffered physical and mental pain, and suffering, was rendered sick lame, sore, and disabled and so remains in such condition.

51. That the aforementioned occurrence was caused by the negligent, grossly negligent, wrongful, careless, reckless and intentional acts of the Defendants.

52. This cause of action and damages for this cause of action are specifically exempted under C.P.L.R.§ 1602.

53. That by reason of the foregoing, Plaintiff is entitled under the provisions and

laws of the State of New York to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

### AS AND FOR A FIFTH CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATIONS

54. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "54", with the same force and effect as if fully set forth herein at length.

55. The conduct and/or omissions by Defendants was unlawful and under the color of State and local laws.

56. Defendants conduct, without cause or justification, violated Plaintiff's rights, privileges and immunities as guaranteed under the United States Constitutions, Amendment One, Four, Five, Fourteen, and under the Civil Rights Acts 42 USC § 1981 and 42 USC § 1983.

57. Plaintiff has been damaged and suffered sever bodily injury, emotional distress and conscious pain and suffering as hereinbefore alleged as a result of these actions and the deprivation of Plaintiff's Constitutional and Civil Rights.

58. That the aforementioned occurrence was caused by the negligent, grossly negligent, wrongful, careless, reckless and intentional acts of the Defendants.

59. This cause of action and damages for this cause of action are specifically exempted under C.P.L.R.§ 1602.

60. That by reason of the foregoing, Plaintiff is entitled under the provisions and laws of the State of New York and the United States to recover from Defendants the sum of THREE MILLION ($3,000,000.00) DOLLARS in actual damages sustained.

## AS AND FOR A SIXTH CAUSE OF ACTION FOR EXEMPLARY AND PUNITIVE DAMAGES

61. Plaintiff repeats and re-alleges the aforementioned paragraphs numbered "1" through "61", with the same force and effect as if fully set forth herein at length.

62. That the aforementioned tortious acts were malicious, willful, flagrant reckless and wanton and constituted gross misconduct and gross negligence.

63. Defendants authorized, permitted and ratified the unlawful and negligent acts of Defendants their agents, servants and employees.

64. That by reason of the foregoing, Plaintiff demands punitive and exemplary damages in the sum of FIVE MILLION ($5,000,000.00) DOLLARS against Defendants, together with interest, costs and disbursements of this action.

**WHEREFORE**, Plaintiff demands a judgment against Defendants as follows:

A) Three Million ($3,000,000.00) Dollars on the first cause of action alleged and complained herein;

B) Three Million ($3,000,000.00) Dollars on the second cause of action alleged and complained herein;

C) Three Million ($3,000,000.00) Dollars on the third cause of action alleged and complained herein;

D) Three Million ($3,000,000.00) Dollars on the fourth cause of action alleged and complained herein;

E) Three Million ($3,000,000.00) Dollars on the fifth cause of action alleged and complained herein;

F) Five Million ($5,000,000.00) Dollars on the sixth cause of action alleged and complained herein representing punitive and exemplary damages; and

G) for such other further relief as this Court deems just, proper, fair and equitable all together with the cost of disbursements of this action.

Dated: New York, New York
October 4, 2003

Yours, etc.,

*[signature]*

ENRICO DEMARCO, ESQ.(9579ED)
Attorney for Plaintiff
10 East 40th Street, 46th Floor
New York, New York 10016
(212) 685-4700

## VERIFICATION

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF SUFFOLK   )

RICHARD MAROTTE, being duly sworn, deposes and says:

1. I have read the foregoing Complaint and know the contents thereof; that the same are true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe the contents thereof to be true to the best of my knowledge.

2. The grounds of my belief as to all matters not stated upon my knowledge are correspondence had between the parties.

_____
RICHARD MAROTTE

Sworn to before me this
___ day of _____ 2003.

_____
Notary Public

ERICH LEMPIN
Notary Public, State of New York
01LE4654043
Certified in Suffolk County
Commission Expires January 31, 2006

13

## RULE 11 ATTORNEY CERTIFICATION

The undersigned is the attorney of record for the Plaintiff, RICHARD MAROTTE, and hereby certify to the best of my knowledge, information and belief, formed after reasonable inquiry this action is not being presented for any improper purpose, such as to harass or to cause unecessary delay or needlees increase in the cost of litigation; the claims, defenses, and other legal contentions herein are warranted by existing law or by non frivoulos argument for the extention modification or reversal of existing law or the establishment of new law; the allegations and other factual contentions have evidentiary support or if speciffically so identified are likely tro have evidentiary support after a reasonable opportunity for further investigation or discovery.

Date:   December 26, 2003
        New York, New York

Yours etc.,

_____
ENRICO DEMARCO, ESQ. (ED9579)